# COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into by and between Jean Riker ("Plaintiff") and Steve Silver Productions, Inc. (erroneously named Beach Blanket Babylon and Steve Silver Productions, Inc.), Jo Schuman Silver, and the Italian-American Community Services Agency (erroneously named Italian Welfare Agency) ("Defendants").

## RECITALS

WHEREAS, on July 29, 2011, Plaintiff filed a complaint in the United States District Court for the Northern District of California entitled *Jean Riker, Plaintiff v. Beach Blanket Babylon; Steve Silver Productions, Inc.; Jo Schuman Silver; Italian Welfare Agency and Does 1-20, Inclusive, Defendants*, Case No. CV 11-03755 EDL (hereinafter the "Action").

WHEREAS, Plaintiff is a "person with disabilities" who requires the use of a wheelchair for locomotion. Plaintiff alleges in the Action that she is unable to use portions of public facilities which are not accessible to disabled persons such as herself who require the use of wheelchairs. Among other things, Plaintiff alleges that her claims in the Action involve denial of disabled access to her at the Fugazi Theater ("Theater") in San Francisco, California. Plaintiff alleges she was denied equal protection of the law and was denied Civil Rights under both California law and federal law at the Theater on grounds that the Theater is not accessible to persons with disabilities such as herself who use wheelchairs as required by (1) Title III of the Americans with Disabilities Act (ADA Title III), (2) California Civil Code's Disabled Persons Act, Sections 54 and 54.1 *et seq.*, (3) California Civil Code Sections 51 *et seq.*, and (4) California Health and Safety Code Sections 19955 *et seq.*, and personal injury damages resulting therefrom. In response to Defendants' assertion that it has provided Plaintiff "meaningful access," Plaintiff also alleges that Defendants have not provided her meaningful access to the Theater which is the subject of the Action. Plaintiff alleges entitlement to injunctive relief, damages, and attorney's fees, litigation expenses, and costs pursuant to, among others, 42 U.S.C. Section 12205, sections 52, 54.3 and 55 of the California Civil Code, section 19953 of the California Health & Safety Code, and section 1021.5 of the California Code of Civil Procedure.

WHEREAS, Defendants deny any wrongdoing and each of Plaintiff's allegations and contentions of law, including allegations related to her claimed denial of meaningful access to Defendants' Theater and related services.

WHEREAS, Defendants further deny that Plaintiff has standing to enforce any disability-access claims related to the Theater.

WHEREAS, Defendants affirmatively assert that they have provided wheelchair users and other persons with disabilities, including Plaintiff, meaningful access to their services and further assert that the Theater meets applicable access guidelines.

WHEREAS, Plaintiff denies each of the Defendants' assertions and statements.

WHEREAS, as a way to avoid further litigation and uncertainty, Plaintiff and the Defendants wish to settle this matter as per the terms included in this Settlement Agreement.

## WITNESSETH

IT IS THEREFORE AGREED by and among the parties hereto as follows:

1. **Dismissal with Prejudice**. Within 15 days of receipt by Plaintiff's counsel of this Agreement executed by all parties and payment of all amounts described below in paragraph 2, Defendants shall deliver to Plaintiff's attorney of record an executed Stipulation of Dismissal with Prejudice ("Dismissal"), a copy of which is attached hereto as Exhibit A. Plaintiff shall e-file the Dismissal within 5 days of receipt of the Dismissal executed by Defendants' counsel.

2. **Settlement Compensation**. Defendant Steve Silver Productions, Inc. shall pay to Plaintiff the sum of $ 20,000 in full and final settlement of Plaintiff's claims for all alleged damages for physical personal injuries and civil rights violations. This check is to be made out to "PAUL L. REIN IN TRUST FOR JEAN RIKER." Defendant Steve Silver Productions, Inc. shall pay to Plaintiff the sum of $ 55,264.50 in full and final payment for all of Plaintiff's attorney's fees, litigation expenses, and costs, provided, however, that the foregoing payment for attorney's fees, litigation expenses, and costs does not include the amounts, if any, to which Plaintiff may become entitled for enforcement of this Agreement. This check is to be made out to "PAUL L. REIN." Payment of all amounts described in this paragraph are to be made by July 2, 2012 -- delivered to the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612. Plaintiff's attorneys will supply a W-9 form to Defendants for all payments described in this paragraph. Defendants also agree to promptly pay any and all mediator's fees, including any mediator's fees billed to Plaintiff.

3. **Equitable Relief**. The Defendants shall perform the following work:

   a. Install accessible lift on the front stairs.

   b. Pour additional concrete to lower vertical offset where the sidewalk meets the entryway to less than 1/4 inch.

   c. Provide handrail extensions on the side of the stairs without the lift.

   d. Provide accessible restroom(s) as described in either Exhibit B1, Exhibit B2, or Exhibit B3. If Exhibit B1 or B2 (as shown) is selected, Defendants will ensure that a 60-inch turn-around space is provided within the designated accessible restroom. Alternatively, if Exhibit B3 is selected, Defendants will ensure that the width of the designated accessible stall is at least 60 inches. In addition, Defendants will implement one of two plans for the restroom sink configurations to create a 60-inch diameter circle: near the entrance of the restroom or provide a "T-shape" turn-around space by installing two compliant, free standing sinks with 36 inches in between them.

   e. Provide a lowered counter at the box office window at a maximum height of 34 inches.

Barrier removal and access remediation will be addressed only in the manner as described above. Plaintiff understands that the Defendants dispute liability.

The Parties agree and stipulate that the corrective work described above will be performed consistent with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and 2010 Americans with Disabilities Act Accessibility Guidelines.

Defendants shall complete items a, b, c, and e by October 1, 2012 to the best of their ability contingent on, among other things, city building permitting and time for manufacture of custom lift parts. Defendants shall complete item d by January 31, 2012 to the best of their ability contingent on, among other things, city building permitting. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 20 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court.

Defendants shall provide Plaintiff written notice promptly upon completion of work items. If Plaintiff objects to any work performed or not performed by the

4357694.1

Defendants pursuant to this Agreement, she must do so by written service of notice within 60 days of the Defendants' service of written notice of completion of work on Plaintiff. Defendants shall provide a reasonable opportunity for Plaintiff's counsel and/or access consultants to inspect the subject premises if requested by Plaintiff within this period. Plaintiff's objections shall be sufficiently detailed to allow the Defendants to understand Plaintiff's concerns. Defendants shall notify the Plaintiff in writing within 30 days of service of the Plaintiff's written objections of their response to said written objections.

If the parties do not agree on whether the Defendants will or will not perform the further work requested by Plaintiff, they shall meet and confer in person within 60 days of Plaintiff's objection in an effort to resolve their differences. If within 90 days of Plaintiff's objections the parties have still been unable to resolve their differences, then pursuant to Paragraph 4, Plaintiff may seek the Court's assistance to enforce this Agreement. Plaintiff expressly reserves any right she has under applicable law to seek attorneys' fees and litigation costs in the event that Plaintiff seeks and obtains the Court's assistance to enforce this Agreement after completing the dispute resolution procedures as described above, and the Parties agree that the Defendants expressly reserve any right they have to oppose Plaintiff's request for such fees, litigation expenses, and costs.

4. **Court Retention of Jurisdiction**. The Court shall retain jurisdiction to enforce this Agreement, and this Agreement shall be an exhibit to the dismissal with prejudice.

5. **Release of All Claims**. Except for all the obligations of the Defendants contained in this Agreement, in consideration of said payment hereunder and the provisions, terms, covenants and promises contained in this Agreement and its Exhibits B1-B3 and Exhibit C. Plaintiff, on behalf of herself, her heirs, executors, successors and assigns, hereby fully, finally and forever releases, acquits and discharges Defendants, and each of their successors, assigns, officers, directors, agents, representatives, employees, attorneys, indemnitors, and insurers, and each of them of and from any and all claims, claims for money, demands, actions, causes of action, liabilities, obligations, damages of any kind whatsoever (including, but not limited to those for monies, monetary or pecuniary damages, pecuniary loss, physical injuries, personal injuries, emotional or mental distress), equitable relief of any kind whatsoever, and attorneys' fees, costs or expenses of any kind whatsoever, whether known or unknown, arising from any cause whatsoever, including, but not limited to those referred to, connected with or arising from causes of action, matters, events, occurrences, failures to act and omissions which were or could have been alleged in the Action. Defendants also

release any possible claims against Plaintiff, her attorneys, or her expert consultants. It is the intent of the parties that the Agreement and this release will be broadly construed for the purpose of carrying out the intentions of the parties. The terms and conditions of the Agreement shall survive the foregoing release.

6. **Civil Code Section 1542 Release**. The parties acknowledge and agree that they are aware of and understand the provisions of Code of Civil Procedure Section 1542 quoted below and freely, and voluntarily and knowingly waive the benefits of said section which provides:

> *"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her most have materially affected his or her settlement with the debtor."*

7. **Attorneys' Fees**. Plaintiff agrees not to make a separate claim for attorney's fees, litigation expenses, or costs incurred to the date of execution of this Agreement in connection with the Action as such claims are already incorporated into the Settlement Compensation paid to Plaintiff under Paragraph 2 of the Agreement, and precluded by Paragraph 5 of the Agreement.

8. **No Admission - Compromise**. It is understood that the Agreement does not constitute an admission by the parties of any liability but is in compromise of disputed claims, and the Agreement shall not be admissible in any action or proceeding of any kind whatsoever as an admission or concession of liability or fault.

9. **Representation and Warranty**. Plaintiff represents and warrants that she has not sold, assigned, conveyed or otherwise transferred, prior to the date of the Agreement, any interest in any claim or demand which she had or now has or may claim to have which is released hereunder, and hereby agrees that she shall not ever sell, assign, convey or otherwise transfer any such claim or demand.

Plaintiff agrees to cooperate with Defendants (and each of its successors, assigns, officers, directors, agents, representatives, employees, attorneys, indemnitors, and insurers, and each of them) in any action or claim against Defendants involving any and all liens, subrogation claims and other rights that are asserted by any person against the amount paid in settlement of the Action or against any recovery by the Plaintiff in the Action.

10. **Defense to Other Proceeding**. This Agreement may be pled as a full-and-complete defense to, and may be used as the basis for an injunction

4357694.1

against, any action, suit, or other proceeding which may be instituted or attempted in breach of this Agreement.

11. **Advice of Counsel.** The parties hereto, and each of them, represent and warrant that they have been fully advised by their respective attorneys concerning their rights and have further been advised by their attorneys as to the terms and effect of the Agreement and/or the Dismissal with Prejudice.

12. **Voluntary.** It is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties, and each of them, that no representations or promises of any kind other than as contained in the Agreement have been made by any party to induce any other party to enter into the Agreement (including, without limitation, any representations or promises concerning any tax ramifications of this Agreement, as to which each party relies solely upon the advice (if any) of her or its own counsel and/or accountant), that the Agreement constitutes the entire understanding of the parties with respect to the settlement, and -that the Agreement may not be altered, amended, modified or otherwise changed except by a writing executed by each of the parties hereto.

13. **Cooperation and Further Documentation.** Each party hereto agrees to execute and deliver any and all documents and to take any and all actions necessary or appropriate to consummate the Agreement and to carry out its terms and provisions.

14. **Inure to Benefit of Successors, Heirs and Assigns.** The Agreement shall be binding on and inure to the benefit of the successors, heirs and assigns of the respective parties hereto.

15. **Entire Agreement.** The Agreement contains the entire written agreement between the parties and shall be effective upon the last date of execution. The terms of the Agreement are contractual and not a mere recital; any representations or promises not specifically detailed in this document will not be valid or binding on the parties to this Agreement. Any modification to the terms of this Agreement must be made in writing and signed by all parties to this Agreement.

16. **Applicable Law.** The Agreement shall be construed in accordance with the substantive laws of the United States of America and the State of California.

17. **Ambiguities.** Plaintiff and Defendants have both reviewed the Agreement and have been given full opportunity to participate in choosing the

4357694.1

Jun 25 12 04:02p    Jean Riker                              (916) 737-2781         p.1
JUN-25-2012 15:14 From:Rein Law Office    5108324767    To:19167372781      Page:8/11

language to be used herein. The parties further acknowledge that they have been given the opportunity to discuss the contract language with their respective attorneys, and have bargained concerning the same. The language in this Agreement shall be interpreted as to its fair meaning and not strictly construed for or against any party.

18.  **Saving Clause.** If any provision or term of this Agreement or its application to any person or entity or circumstance shall be held by a court to be invalid or unenforceable, the remainder of this Agreement or the application of such provision to persons, entities or circumstances other than those to which it is held invalid or enforceable shall not be affected and each provision of this Agreement shall be enforced to the fullest extent permitted by law.

19.  **Counterparts and Facsimile or Electronically Transmitted Signatures.** The Agreement may be executed in counterpart and fully executed agreements by counterparts shall serve as if one document had been executed in full by all parties hereto, and facsimile or electronically transmitted signatures shall be valid and of the same force and effect as original signatures.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS.**

Dated: 6/18/2019

_____
JEAN RIKER

Dated: _____

Steve Silver Productions, Inc.

By: _____
Name: _____
Title: _____

language to be used herein. The parties further acknowledge that they have been given the opportunity to discuss the contract language with their respective attorneys, and have bargained concerning the same. The language in this Agreement shall be interpreted as to its fair meaning and not strictly construed for or against any party.

18. **Saving Clause.** If any provision or term of this Agreement or its application to any person or entity or circumstance shall be held by a court to be invalid or unenforceable, the remainder of this Agreement or the application of such provision to persons, entities or circumstances other than those to which it is held invalid or enforceable shall not be affected and each provision of this Agreement shall be enforced to the fullest extent permitted by law.

19. **Counterparts and Facsimile or Electronically Transmitted Signatures.** The Agreement may be executed in counterpart and fully executed agreements by counterparts shall serve as if one document had been executed in full by all parties hereto, and facsimile or electronically transmitted signatures shall be valid and of the same force and effect as original signatures.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS.**


Dated: _____          _____
                                        JEAN RIKER

Dated: 6/26/12                          Steve Silver Productions, Inc.

                                        By: _____
                                        Name: David Lincoln King
                                        Title: Vice President é General Manager

Dated: _July 4, 2012_   Italian-American Community Services Agency (erroneously sued as "Italian Welfare Agency")

By: _[signature]_
Name: _Luigi Pinotti_
Title: _President_

Dated: _____   _____
Jo Schuman Silver

**APPROVED AS TO FORM:**

HANSON BRIDGETT LLP                    LAW OFFICES OF PAUL L. REIN

By: _____             By: _____
KURT A. FRANKLIN                       PAUL L. REIN
DANIELLE A. HINTON                     CATHERINE M. CABALO
Attorney for Defendants                Attorneys for Plaintiff JEAN RIKER
STEVE SILVER PRODUCTIONS, INC.;
JO SCHUMAN SILVER; AND ITALIAN-
AMERICAN COMMUNITY SERVICES
AGENCY (erroneously sued as
"ITALIAN WELFARE AGENCY")

Dated: _____

Italian-American Community Services Agency (erroneously sued as "Italian Welfare Agency")

By: _____
Name: _____
Title: _____

Dated: June 27, 2012

_____
Jo Schuman Silver

**APPROVED AS TO FORM:**

HANSON BRIDGETT LLP

LAW OFFICES OF PAUL L. REIN

By: _____
KURT A. FRANKLIN
DANIELLE A. HINTON
Attorney for Defendants
STEVE SILVER PRODUCTIONS, INC.;
JO SCHUMAN SILVER; AND ITALIAN-AMERICAN COMMUNITY SERVICES AGENCY (erroneously sued as "ITALIAN WELFARE AGENCY")

By: _____
PAUL L. REIN
CATHERINE M. CABALO
Attorneys for Plaintiff JEAN RIKER

4357694.1

Dated: _____	Italian-American Community Services Agency (erroneously sued as "Italian Welfare Agency")

By: _____
Name: _____
Title: _____

Dated: _____	_____
Jo Schuman Silver

**APPROVED AS TO FORM**:

HANSON BRIDGETT LLP	LAW OFFICES OF PAUL L. REIN

By: _/s/ Kurt A. Franklin_____	By: _____
KURT A. FRANKLIN	PAUL L. REIN
DANIELLE A. HINTON	CATHERINE M. CABALO
Attorney for Defendants	Attorneys for Plaintiff JEAN RIKER
STEVE SILVER PRODUCTIONS, INC.;
JO SCHUMAN SILVER; AND ITALIAN-
AMERICAN COMMUNITY SERVICES
AGENCY (erroneously sued as
"ITALIAN WELFARE AGENCY")

Dated: _____          Italian-American Community Services
                                                  Agency (erroneously sued as "Italian
                                                  Welfare Agency")

                                                  By: _____
                                                  Name: _____
                                                  Title: _____

Dated: _____          _____
                                                  Jo Schuman Silver

**APPROVED AS TO FORM:**

HANSON BRIDGETT LLP                  LAW OFFICES OF PAUL L. REIN

By: _____           By: *[signature]*
KURT A. FRANKLIN                        PAUL L. REIN
DANIELLE A. HINTON                  CATHERINE M. CABALO
Attorney for Defendants                   Attorneys for Plaintiff JEAN RIKER
STEVE SILVER PRODUCTIONS, INC.;
JO SCHUMAN SILVER; AND ITALIAN-
AMERICAN COMMUNITY SERVICES
AGENCY (erroneously sued as
"ITALIAN WELFARE AGENCY")

## ORDER

Pursuant to the above Settlement Agreement and Release, and for good cause shown, the Court shall retain jurisdiction of this action to enforce provisions of this Settlement Agreement and General Release for eighteen (18) months after the date of entry of this Order by the Court, or until payment for Plaintiff's damages, attorney fees, litigation expenses and costs is made in full, whichever occurs later.

Dated: July 11, 2012

*/s/ Elizabeth D. Laporte*
Honorable ELIZABETH D. LAPORTE
United States Magistrate Judge

4357694.1